# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

JANE DOE,

    Plaintiff,

v.                                                        No. 2:21-cv-02811-JTF-tmp

RHODES COLLEGE,
DAVID CADDLE, AMAKA MGBOH,
AND RICHARD ADAMS,

    Defendants.

## RESPONSE OF DEFENDANTS RHODES COLLEGE AND RICHARD ADAMS IN OPPOSITION TO MOTION TO ALLOW PLAINTIFF TO PROCEED UNDER PSEUDONYM

Defendants Rhodes College ("Rhodes") and Richard Adams ("Mr. Adams"), by and through undersigned counsel, submit this Response in Opposition to Plaintiff's Motion to Proceed Under Pseudonym. Plaintiff, who was disciplined by Rhodes College for sending a text message to a black classmate that referenced hitting black men with her car, seeks to proceed anonymously in her suit against Rhodes, its Director of Community Standards, and two students, where she claims a barrage of damages in an attempt to avoid the consequences of her own action. As explained in detail below, Plaintiff fails to state sufficient reasons to proceed under a pseudonym to overcome the presumption of openness for all federal court proceedings.

## ANALYSIS

Rule 10 of the Federal Rules of Civil Procedure provides that the complaint *must* state the names of all parties. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally

to other parties.") (emphasis added).  This rule "embodies the presumption, firmly rooted in American law, of openness in judicial proceedings. Indeed, this presumption harks back to the English common law, where there existed a rule of openness in both criminal trials and civil proceedings."  *Doe v. Merten,* 219 F.R.D. 387, 391 (E.D. Va. 2004) (*citing Gannett Co. v. DePasquale,* 443 U.S. 368, 384–91, 386 n.15 (1979) (noting that history demonstrates existence of a common-law rule requiring open criminal and civil trials)); *see also Ramsbottom v. Ashton*, 2021 WL 2651188, at *2 (M.D. Tenn. June 28, 2021) ("This rule has constitutional overtones, as a plaintiff's use of a pseudonym runs afoul of the public's common right of access to judicial proceedings, a right that is supported by the First Amendment . . .") (internal citations and marks omitted).  The United States Supreme Court has held that trials must be open to the public absent an overriding and clearly articulated interest to the contrary.  *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 581 (1980).

The governing Sixth Circuit standard[1] for departing from the requirements of Rule 10 requires the Court to consider the following non-exhaustive factors:  (1) whether the plaintiff is suing to challenge some governmental activity; (2) whether prosecuting the suit will compel the plaintiff to disclose information of the "utmost intimacy"; (3) whether prosecuting the suit will compel the plaintiff to disclose his or her criminal activity; and (4) whether the plaintiff is a minor.

---

[1] Plaintiff refers to there being no "Tennessee" standard for proceeding under a pseudonym and cites state cases in her Complaint, but Rule 10 is a Federal Rule of Civil Procedure that governs all federal actions.  *See Ramsbottom*, 2021 WL 261188, at *3 ("The court finds that Tennessee law on this topic is simply irrelevant.  . . . [T]he Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship." (quoting *Am. Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 546 (6th Cir. 2014))).  Moreover, one state case cited by Plaintiff, *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191 (Tenn. 2001), expressly recognizes that no issue was raised on appeal on the use of a pseudonym and makes no analysis of its use.

*See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Ultimately, the question is whether "a plaintiff's privacy interests *substantially outweigh* the presumption of open judicial proceedings." *Ramsbottom*, 2021 WL 2651188, at *2 (quoting *Porter*, 370 F.3d at 560) (emphasis added).

As an initial matter, Plaintiff's conclusory motion is wholly deficient to overcome the presumption of openness of the Court, as it does not articulate any particularized basis for her request.  Even so, the facts here do not come anywhere near the required standard.  This matter does not involve governmental activity, there is no criminal activity at issue, and Jane Doe is not a minor; these factors weigh in favor of Jane Doe proceeding under her real name.  *Ramsbottom*, 2021 WL 261188, at *4 ("The fact that the answer to the questions raised by these factors is a 'no' does not mean that the factors are irrelevant.  Instead, they weigh against Jane Doe." (citing *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007)).

That leaves one factor to overcome the others—that this case involves claims of the "utmost intimacy."  *See Porter*, 370 F.3d at 560.  But courts have repeatedly held that run-of-the-mill allegations relating to fear of harassment, embarrassment, or negative publicity do not amount to information of the "utmost intimacy."  *See Caldwell v. Knox County Board of Education*, 2013 WL 5555472, at *2 (E.D. Tenn. Oct. 2, 2013) (explaining that the use of a pseudonym by a plaintiff may be appropriate "in cases of sexual trauma to a minor or other tragic events"); *G.E.G. v. Shinseki*, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (denying leave to proceed pseudonymously and explaining that plaintiffs have been permitted to use pseudonyms only in cases involving abortion, birth control, homosexuality, and the welfare rights of illegitimate or abandoned children); *Endangered v. Louisville/Jefferson County Metro Gov't Dep't of Inspections,* 2007 WL 509695, at *2 (W.D. Ky. Feb. 12, 2007) (leave to proceed under a pseudonym is restricted to cases involving young children and matters of religion).  A recent case

3

in the Middle District of Tennessee held that a litigant could not proceed anonymously even where the allegations involved sexual assault and trafficking because "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Ramsbottom*, 2021 WL 2651188, at *4 (quoting *Doe v. McLellan*, 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020)).  In that case, as is here, "the plaintiff's concern [of actual danger] appears to be speculative." *Id.* at *7.

In the present case, there are no allegations of the "utmost intimacy."  Plaintiff, in the aftermath of a tragic killing of a Rhodes College student during a home invasion, sent a text to a former roommate who lived off campus, "Imma be racist: If you see a black man in the next 24hrs near your house hit him with your car." (Compl. ¶ 15, ECF No. 1).  Plaintiff was charged with violation of the Rhodes College Standards of Conduct and, after a hearing before the student-run Rhodes College Community Standards Council, was found in violation and suspended for one semester, among other things.  Now, in order to avoid the consequences of her violation of the Standards of Conduct, Plaintiff is suing not only Rhodes but also three African-American individuals: one of the students who complained about the text, the student President of the Community Standards Council, and a Rhodes employee, the Director of Community Standards.  There is no basis for Plaintiff to proceed anonymously here; she simply does not want to face the potential for embarrassment or public humiliation from her own actions.

To the extent that Plaintiff is arguing that she should be permitted to file under a pseudonym to avoid it becoming public that she was suspended, the law is equally unavailing.  In *Candidate No. 452207 v. CFA Institute,* 42 F.Supp.3d 804 (E.D. Va. 2012,), the plaintiff sought monetary, injunctive and declaratory relief from the organization administering the exam for certified public accountants, challenging its conclusion that he cheated on the exam. In denying the plaintiff's

4

motion to proceed under a pseudonym, the court found that his stated reason, avoiding "public embarrassment and exposure to negative publicity and adverse actions by other persons active in the financial world who might make false assumptions about Plaintiff's character and abilities were his true name to be publicly disclosed in connection with allegations of cheating" was not sufficient to overcome the public interest in the openness of his lawsuit.  *Id.* at 809; s*ee also K.W. v. Holtzapple*, 299 F.R.D. 438, 442 (M.D. Pa. 2014) (denying leave to proceed pseudonymously in a case involving student disciplinary proceedings at university because "embarrassment in front of peers and professors along with the possibility of denial of future employment benefits" do not rise to the level of information of the utmost intimacy).

This is simply not a case where the protection of Plaintiff's identity from open court is necessary, much less one where Plaintiff's request for anonymity "substantially outweighs" access to open court.  To the extent there is medical information "protected by HIPPA" that needs to be made a part of the Court's record, Plaintiff has the ability to seek a protective order or to move to file certain documents under seal, under the applicable local and federal rules.  It is not out of the ordinary for there to be sensitive information in a federal litigation, and there are less extraordinary tools available to Plaintiff to protect such information.[2]  *See Ramsbottom,*2021 WL 2651188, at *3 ("[C]ourts have recognized that other types of protective orders, such as those requiring that documents containing sensitive information be sealed or redacted, may be appropriate as an alternative to permitting a litigant to proceed anonymously.").  Moreover, despite Plaintiff claiming her own "right to privacy," she has also ignored the privacy of other Rhodes College students and staff by naming them as individual defendants in this litigation and in allegations in

---

[2] For instance, the Court's ECF Policies and Procedures Rule 13.4.3 suggests that attorneys may file documents with "sensitive information," including "medical records, treatment records, or diagnoses," under seal.

5

the Complaint and exhibits, opening them up to potential harassment, as well.[3]  At the very least, the person making these allegations (i.e. Plaintiff), should be required to stand by them publicly. There is no countervailing reason to proceed otherwise.

## CONCLUSION

For the foregoing reasons, the undersigned Defendants respectfully request that Plaintiff's Motion to Proceed Under Pseudonym be denied and that Plaintiff be required to file a notice containing her true name and the case caption be updated by the Clerk of Court.

Respectfully submitted,

BURCH, PORTER & JOHNSON

/s/ Lisa A. Krupicka
Lisa A. Krupicka (BPR #12147)
Sarah Elizabeth Stuart (BPR #35329)
130 N. Court Avenue
Memphis, TN 38103
T: (901) 524-5000
F: (901) 524-5024
lkrupicka@bpjlaw.com
sstuart@bpjlaw.com
*Attorneys for Defendants Rhodes College and Richard Adams*

---

[3] Undoubtedly, even in today's modern times, there are as many people in this world that would criticize the named Defendants for their roles in making a complaint and disciplining Plaintiff for her violations of the Rhodes College Standards of Conduct, as may criticize Plaintiff for the substance of her text messages. *See Ramsbottom*, 2021 WL 2651188, at *7 (noting that the Defendants "face their own risk of online and in-person stalking and harassment").